IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TASHIMA SESSION<br><br>Plaintiffs,<br><br>vs.<br><br>MENASHA CORPORATION,<br><br>Defendants. | Case No. 22-cv-1385-SPM |

## MEMORANDUM AND ORDER

**McGlynn, District Judge:**

This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff Tashima Session ("Session") (Doc. 3). Session filed this employment discrimination lawsuit alleging sexual harassment and retaliation, claiming Defendant Menasha Corporation ("Menasha") discriminated against her, purportedly on the basis of her sex [1] (Doc. 2). Session asserts that she was sexually harassed on several occasions, and that after she reported the allegations, she was retaliated against by upper management at Menasha (*Id.*). She now moves to proceed without prepayment of the required filing fees.

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses

---

[1] Tashima Session has not alleged that she is a member of any protected class.

and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Complete destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court has reviewed Session's affidavit (Doc. 3) and finds that she is indigent. Session attests that she is unemployed and her only source of income is TANF ("Temporary Assistance for Needy Families"). She also has monthly expenditures and no money in cash or in a checking account as well as no ownership of any items of value. Based on these facts, the Court finds Session's poverty level justifies granting her IFP status.

But, that does not end the inquiry. Under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the

plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I[nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

For her Statement of Claim, which asks for the when, where, how, and by whom, constitutional rights were violated, Session stated:

> "While I was an employee at Menasha Corporation I was sexually harassed by Raven Tandy on several occasions. After reporting my allegations to staff, I was then retaliated against by upper management. As a result, I was Bulliyed(sp), wrongfully fired, outnumbered, tortured, and etc." (Doc. 2, p. 5).

Here, the factual allegations in the Complaint are too bare bones to state a claim. The when is merely "while I was an employee". There is no mention of the where or how, nor is there any explanation as to the employment level of Raven Tandy or the particulars of "upper management". While it is true that a Complaint need only allege sufficient facts to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as noted above, a plaintiff cannot simply put a few words on paper that suggests something illegal might have happened. *Swanson*, 614 F.3d at 403. The Court simply needs more information before it can

determine whether Session can proceed with her claim against Menasha Corporation.

For these reasons, the Complaint is **DISMISSED without prejudice** for failure to state a claim. The Court **GRANTS** Plaintiff Tashima Session leave to refile an Amended Complaint on or before **August 1, 2022**. Session is encouraged to consult the Court's website, www.ilsd.uscourts.gov, for sample forms (under "Rules & Forms"—"For Self Help/Pro Se Parties"). The Clerk is also directed to send her a copy of the Pro Se Litigant Guide.

The Court **RESERVES RULING** on Session's Motion for Leave to Proceed *in forma pauperis* (Doc. 3). The Court also advises Session that, should her Amended Complaint pass initial review, she will be responsible for serving Menasha Corporation unless she moves for service of process at the Government's expense.

Finally, at this time, the Court **DENIES** Session's Motion for Recruitment of Counsel (Doc. 4). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. Pruitt, 503 F.3d at 654-55. Here, Plaintiff's motion is insufficient as she did not describe what, if anything, she did to try to get an attorney. The motion merely states: "While I was in the process of looking for an attorney, my mom unexpectedly passed

away on April 30, 2022." Thus, Plaintiff has not met her threshold burden in attempting to recruit counsel on her own; however, she can file an Amended Motion, providing documentation of her efforts to obtain counsel and the responses received.

**IT IS SO ORDERED.**

**DATED: June 30, 2022**

/s/ Stephen P. McGlynn
STEPHEN P. McGLYNN
U.S. District Judge