IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TASHIMA SESSION,** | |
| Plaintiffs, | |
| vs. | Case No. 22-cv-1385-SPM |
| **MENASHA CORPORATION,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

**McGlynn, District Judge:**

Pending before the Court is Defendant Menasha Corporation's ("Menasha") Motion to Strike Plaintiff Tashima Session's ("Session") Disclosure of Expert Witness (Doc. 35). For the foregoing reasons, said Motion is GRANTED.

As a general rule, motions to strike are disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7t Cir. 1989). But they may be granted when they can expedite the case by removing "unnecessary clutter." *Id.*

### BACKGROUND

On August 15, 2023, Session filed a letter with the Court identifying "Jayne Hamilton" as an expert in her case (Doc. 34). Accordingly, this Court construed the letter as her disclosure of expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2).

On September 6, 2023, Menasha filed its Motion to Strike Disclosure of

Expert Witness (Doc. 35). Menasha raised the following two grounds for striking: (1) the disclosure was untimely; and, (2) the disclosure did not satisfy the minimum requirements set forth by Rule 26(a)(2) of the Federal Rules of Civil Procedure (*Id.*).

On September 22, 2023, Menasha filed her response to the motion to strike wherein she repeatedly indicated that she was not an attorney and was trying to stand up for her civil rights (Doc. 38). She also requests assistance to correctly prepare an expert witness statement (*Id.*).

## LEGAL STANDARD

Rule 26(a)(2) provides in pertinent part,

> "The [written] report must contain: (i) a complete statement of all opinions the witness will express and the *basis and reasons* for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them....". FED. R. CIV. P., Rule 26.

When a party intends to introduce an expert witness, the party must comply with the disclosure requirements in Rule 26(a)(2) if the expert witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 739, 734 (7th Cir. 2010). The disclosure must also include "a written report—prepared and signed by the witness." *Id.* The purpose of the report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response. *Walsh v. Chez,* 583 F.3d 990, 993 (7th Cir.2009); *Jenkins v. Bartlett,* 487 F.3d 482, 487 (7th Cir.2007).

Fed. R. Civ. P. 37(c)(1) states that, if a party fails to make disclosures required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence ... at trial, unless the failure was substantially justified." This sanction of exclusion is automatic and mandatory unless the party can show that its violation of Rule 26(a) was either justified or harmless. *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1988).

## ANALYSIS

In the instant case, the Court concurs that Session's disclosure was untimely. According to the Joint Report of Parties and Proposed Scheduling and Discovery Order, which was first entered by the Court on February 1, 2023 (Doc. 28) and which was also filed by Ms. Session on August 15, 2023 (Doc. 33) contemporaneously with her Letter (Doc. 34), Plaintiff was to disclosure her expert witnesses by August 4, 2023. This Court notes that the two filings (Docs. 28 and 33) are duplicitous and Paragraph 6 states as follows:

> "6. Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:
> Plaintiff's expert(s): August 4, 2023.
> Defendant's expert(s): September 8, 2023.
> Third Party expert(s): September 8, 2023."

With respect to Menasha's second argument, this Court also concurs that the Letter disclosure was wholly inadequate. Indeed, there was no written report. Furthermore, Ms. Hamilton's opinions were not identified, nor was there any rationale for said opinions.

While this Court is mindful that Session is not an attorney, *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Stewart v. Credit Control, LLC*, 845 Fed.Appx. 465, 467 (7th Cir. 2021). Furthermore, on June 30, 2022, Session was referred to the website for the Southern District of Illinois and was sent a copy of the *Pro Se* Litigant Guide, which states, "[a]s a *pro se* litigant, you should be familiar with the Federal Rules of Civil Procedure" (Doc. 6, p. 4.). Finally, the disclosure itself references Rule 26(a)(2) of the Federal Rules of Civil Procedure (Docs. 28 and 33, ¶6).

To be clear, this order restricts Session's ability to call Jayne Hamilton as an *expert* witness. Session may, to the extent relevant, call Ms. Hamilton as a *fact* witness. It is entirely possible, given her *pro se* status, that Session does not fully appreciate the differences between expert and fact witnesses.

## Conclusion

For the reasons stated above, the Court **GRANTS** defendant's Menasha Corporation Motion to Strike plaintiff's expert disclosures.

**IT IS SO ORDERED.**

**DATED: October 3, 2023**

/s/ Stephen P. McGlynn
STEPHEN P. McGLYNN
U.S. District Judge