## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TASHIMA SESSION,

      **Plaintiff,**

  v.

      **Case No. 22-cv-01385-SPM**

MENASHA CORPORATION,

      **Defendant.**

### MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) filed by *pro se* Plaintiff Tashima Session. (Doc. 54). The full procedural and factual background of this case are set out in greater detail in the Court's previous orders. This Order is limited to the motion at issue.

On April 9, 2024, this Court entered an Order granting Defendant Menasha Corporation's ("Menasha") Motion for Summary Judgment. (Doc. 52). Session filed a timely Motion for Reconsideration on April 9, 2025. (Doc. 54). Menasha filed a timely response in opposition. (Doc. 55). The Court has carefully reviewed the record, and for the reasons outlined below, the Motion for Reconsideration is **DENIED**.

### LEGAL STANDARD

Rule 59(e) permits a court to alter or "amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence." *West v. Wills*, No. 22-cv-00242, 2024 WL 4264206, at \*1 (S.D. Ill. September 23, 2024)

(citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007)). The party moving for reconsideration bears a "heavy burden" and the motion should only be granted in "rare circumstances." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

A motion brought pursuant to Federal Rule of Civil Procedure 60(b) allows the Court to vacate a judgment for six reasons. Two relevant reasons are Federal Rule of Civil Procedure 60(b)(2), which permits a court to vacate a judgment upon finding "newly discovered evidence," and 60(b)(6), which permits a court to vacate a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(2), (6). Evidence is deemed to be newly discovered for the purposes of Rule 60(b)(2) when all prerequisites are met. *Matter of Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 78 F.3d 285, 293–94 (7th Cir. 1996). Rule 60(b)(6) is open-ended and flexible, allowing the Court wide discretion to relieve a party from judgment. *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). It applies, however, only when the other five more specific reasons do not apply. *Id.* Relief under Rule 60(b)(6) is available only in extraordinary circumstances, including where there is a risk of injustice to the parties or a risk of undermining public confidence in the judicial process. *Id.*

## ANALYSIS

### I.    Rule 59(e)

A motion filed pursuant to Rule 59(e) must be filed within twenty-eight days of the entry of judgment. FED. R. CIV. P. 59(e). "[That] time limit is unyielding" and the Court cannot extend it. *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir.

2014)). Here, judgment was entered on April 9, 2024. (Doc. 53). The underlying motion was not filed until April 9, 2025, well after the twenty-eight-day deadline. Accordingly, Session is time-barred from filing a motion pursuant to Rule 59(e).

## II.    Rule 60(b)

To grant relief under Rule 60(b)(2), the moving party must show how newly discovered evidence warrants relief from judgment. Motions to reconsider are not an appropriate tool to "[rehash] old arguments or for presenting arguments that should have been raised before the court made its decision." *Prak v. Skaf*, No. 23-cv-03403, 2024 WL 3534838, at ¶10 (S.D. Ill. July 23, 2024) (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). All of the following prerequisites must be met for a movant to obtain relief under Rule 60(b)(2): "(1) the movant discovered the evidence following the judgment; (2) the movant exercised due diligence to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result." *Luffman v. Collinsville Cmty. Unit School District #10*, No. 3:25-CV-00842, 2025 WL 1907582, *5 (S.D. Ill. July 10, 2025) (citing *Madero v. McGuinness*, No. 3:20 C 50062, 2025 WL 965133, at *3 (N.D. Ill. Mar. 31, 2025) (citing *Fields v. City of Chicago*, 981 F.3d 534, 554 (7th Cir. 2020))). The Court finds that Session has not met these elements. Session does not explain which evidence has been newly discovered nor how it impacts the Court's ruling granting summary judgment for Menasha. She merely states that "I have stated clearly that there was an adverse action taking [sic] against me by Menasha Corporation. This is why case # 3:22-cv-01385 should be overturned and proceed." (Doc. 54, p. 4). Session's

Page 3 of 5

argument is merely a conclusory plea that the Court's legal reasoning was wrong and that the ruling should be overturned. She fails to provide a single piece of new evidence that would counsel a different result.

To grant relief under Rule 60(b)(6), the moving party must show that extraordinary circumstances justify the reopening of a final judgment. *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). Session identifies no mistake or surprise, presents no new evidence, points to no fraud or misconduct by Defendants, and reveals no other extraordinary circumstances bringing her case within the reach of Rule 60(b). *West v. Wills*, No. 22-CV-00242, 2024 WL 4264206 (S.D. Ill. September 23, 2024). She merely reasserts her arguments that the court previously rejected in its previous order (Doc. 50), which is not within the scope of Rule 60(b)(6). Session does not set forth any new material information that has not already been addressed and considered by the Court, and as such has not met the extraordinary standard required under Rule 60(b)(6).

## CONCLUSION

Session's Motion for Reconsideration fails under the standards of both Rule 59(e) and Rule 60(b). The additional information provided does not show a mistake of law or fact nor is it newly discovered evidence. She has not shown any mistake of law or fact that would entitle her to an altered or amended judgment under Rule 59(e). Nor has she stated grounds for relief within the scope of Rule 60(b). She has merely presented the same evidence from her Response to Menasha's Motion for Summary Judgment (Doc. 50), and simply argues that the Court's legal reasoning was flawed. This argument is insufficient for a Motion to Reconsideration. The Court correctly

granted Summary Judgment in Menasha's favor, and the Motion for Reconsideration

(Doc. 54) is **DENIED**.

      **IT IS SO ORDERED.**

      **DATED:  July 31, 2025**


                        **s/ _Stephen P. McGlynn_**
                        **STEPHEN P. McGLYNN**
                        **U.S. District Judge**